# EXHIBIT I

# SETTLEMENT AGREEMENT AND RELEASE

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made effective this 7th day of March, 2022 by and between **GOFUND ADVANCE, LLC ("GFA")**, on one hand and **INDIGO INSTALLATIONS, INC. D/B/A INDIGO INSTALLATIONS** and **CHRISTOPHER A. TURRENTINE** on the other (together, jointly and severally, "INDIGO" unless noted otherwise) (collectively, "the Parties").

**W I T N E S S E T H:**

**WHEREAS**, On or about February 1, 2022, GFA, as buyer, and INDIGO as seller, executed an Agreement (the "Contract"), whereby INDIGO promised to pay GFA a percentage of future receivables as set forth in the Agreement, and other fees as more fully described therein;

**WHEREAS**, GFA has commenced a lawsuit against INDIGO for breach of the Contract, as more particularly described in a certain civil Action entitled, <u>GOFUND ANDVANCE, LLC v. INDIGOINSTALLATIONS, INC., ET AL,</u> in the Superior Court, Judicial District of Stamford, Connecticut, at Stamford (the "Action");

**WHEREAS,** the Parties agree to the foregoing on the terms and conditions;

**NOW, THEREFORE,** in consideration of the foregoing and in further consideration of the mutual covenants herein contained, the Parties agree as follows:

1. INDIGO agrees to pay GFA a total compromised settlement payment of $4,000.00 (the "Settlement Payment"), time being of the essence, as follows.

2. By March 7, 2022, INDIGO shall execute any and all documents to release the total amount of $4,000.00 from its account at PNC Bank and request the said amount to be sent and made payable to GFA'S attorneys at Hassett & George, P.C. to fully apply this amount to fully pay the Settlement Payment.

3. The Parties have had the ability to adequately consult with their respective legal counsel in regards to this commercial Agreement and its meaning.

4. Neither the Agreement, nor any of the provisions hereof, can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Parties against whom enforcement of the change, waiver, discharge, or termination is sought.

5. Should there be a breach of this Agreement, the prevailing party to any litigation arising out of or relating to this Agreement shall be entitled to their reasonable attorney fees and costs in addition to any other damages or relief awarded by a court.

6. In the event that any provision of the Agreement is held to be void or unenforceable by a court, the remaining provisions of the Agreement shall nevertheless be

binding upon the Parties with the same effect as though the void or unenforceable part had been deleted, unless a court determines that the deletion of such provision substantially changes the meaning of the Agreement and makes enforcement of same inequitable.

7. Any delay or failure by any party to exercise any right under the Agreement, or any party's partial exercise of any right under the Agreement, shall not constitute a waiver of such right or any other right. The waiver by any party of any particular breach of the Agreement or right hereunder shall not operate or be construed as a waiver of any other breach of the Agreement or right hereunder, and no such waiver shall be effective unless set forth in writing by the party against whom such waiver is sought to be enforced. INDIGO shall not cause any funds previously paid and referenced in paragraph 2 above as part of this Settlement Agreement to be reversed and/or claimed as unauthorized as doing so shall be considered a material breach of this Agreement.

8. The Parties agree that the Agreement may be executed in two or more counterparts, each of which shall constitute an original and binding copy of the Agreement, albeit one and the same instrument. Executed photocopies of the Agreement shall be as binding as the original.

9. Each person or entity executing the Agreement warrants and represents that he/she is duly authorized to do so, all necessary action having been taken to confer such authority and no one has forced them to sign this Agreement.

10. GFA shall release all UCC liens and shall withdraw/discontinue the Action upon the execution of this Agreement and compliance with Section 2 above. The Contract is hereby terminated.

11. The Parties agree that this Agreement resolves any and all claims between the Parties that were asserted, or that could have been asserted, against any of the Parties named in the Action, or in any other Action, whether Plaintiff or Defendant, whether withdrawn or not withdrawn. In consideration of the promises set forth in the Agreement, the Parties mutually, irrevocably and forever remise, release, and forever discharge each other, any and all of their affiliated businesses (whether dissolved or not dissolved), their respective successors, heirs, spouses, executors and administrators, agents, trustees, settlors, officers, directors, employees, members, and attorneys of and from any and all manner of Action and Action s, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, actions, controversies, agreements, promises, variances trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity which they ever had, now have, or which their heirs, spouses, affiliated businesses, members, directors, employees, agents, executors, or successors, hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time to the date of this Agreement, known or unknown, including, but not limited to, any and all claims or counterclaims that were raised or could have been raised in the Action or any other legal action relating to the Contract. INDIGO further acknowledges and agrees that all of its statements to GFA, PNC Bank, any state or federal law enforcement authority and/or its

attorneys concerning the validity of the Contract and GFA's rights to take legal action against INDIGO for breaching the Agreement were not accurate and based upon a misapprehension of facts. Nonetheless, GFA hereby releases INDIGO of all liability in connection therewith as part of this Agreement in furtherance of resolving all disputes with INDIGO under this Agreement.

12. Neither party is admitting fault or liability by entering into this Agreement.

**READ, AGREED AND UNDERSTOOD.**

**INDIGO INSTALLATIONS, INC. D/B/A INDIGO INSTALLATIONS** and **CHRISTOPHER A. TURRENTINE**

By: _____
**CHRISTOPHER A. TURRENTINE**
Duly Authorized and individually


**GOFUND ADVANCE, LLC**

_____

Duly authorized

3