UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

HAYMOUNT URGENT CARE PC, AND
ROBERT A. CLINTON, JR., INDIGO
INSTALLATIONS, INC., AND CHRISTOPHER A.
TURRENTINE, individually, and on behalf of all
those similarly situated,                                    Case No. 1:22-cv-01245-JSR

                            Plaintiffs,

            v.

GOFUND ADVANCE, LLC, FUNDING 123, LLC,
MERCHANT CAPITAL LLC , ALPHA
RECOVERY PARTNERS, LLC, YITZCHOK WOLF,
YOSEF BREZEL, JOSEPH KROEN, and YISROEL
C. GETTER,

                            Defendants.

─────────────────────────────────────────────

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants GoFund Advance, LLC, Funding 123, LLC, Merchant Capital LLC, Alpha

Recovery Partners, LLC, Yitzchok Wolf, Yosef Brezel, Joseph Kroen, and Yisroel C. Getter

respectfully submit this response to the Notice of Supplemental Authority filed by Plaintiffs

Haymount Urgent Care PC, Robert A. Clinton, Jr., Indigo Installations, Inc., and Christopher

Turrentine (together, "Plaintiffs").

Plaintiffs ask the Court to consider a June 6, 2022, Opinion and Order from the U.S. District

Court for the Southern District of New York in the case styled *Fleetwood Services, LLC v. Ram

Capital Funding, LLC, et al.* (the "Opinion"), because "(1) the court [] determined that the

transaction at issue – which closely resembles the transaction at issue in this matter – was a loan,

and (2) the court granted Plaintiff summary judgment on its RICO claim."  (Doc. No. 84, Not. of

Supp. Auth. at pp. 1-2).

With respect to the first point, the transactions at issue do not "closely resemble" each other.  In *Fleetwood*, the transaction failed each of the three factors applied by New York courts to determine whether a merchant cash advance transaction is a loan or a purchase of receivables because: (1) the defendant refused to honor the reconciliation provision in the parties' agreement; (2) the defendant testified that the agreement had a fixed term and that the monies advanced were absolutely repayable; and (3) the parties' agreement made the merchant's filing for bankruptcy an event of default.  (*See* Op. at pp. 10, 12, 26).[1]  In the instant case, the parties' transaction meets all of these factors.  (*See* Doc. 68, Memo. of Law at pp. 12-14).   This critical distinction renders *Fleetwood* inapposite.

With respect to the second point, the Court's granting summary judgment on plaintiff's RICO claim was premised on its findings that (1) the parties' transaction was a loan, and (2) the defendants had been sued by the New York Attorney General and the Federal Trade Commission for making fraudulent, usurious loans and engaging in conduct akin to that of an organized crime loan sharking operation.  Neither of these facts is present here.

*Fleetwood* is inapposite and, respectfully, there is no reason for the Court to consider its non-binding and fact-specific conclusions in lieu of controlling appellate authority from the First, Second, and Fourth Departments.

---

[1] New York courts have developed a three-factor test to determine whether a merchant cash advance transaction should be considered a loan (as opposed to a purchase of future receivables). *Principis Cap., LLC v. I Do, Inc.*, 160 N.Y.S.3d 325, 327 (2d Dep't 2022).  Under this test, courts evaluate: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." *Id.*

Respectfully submitted,


/s John A. Mueller
John A. Mueller
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202-2216
716.853.5100
jmueller@lippes.com

*Attorneys for Defendants*