**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

**Haymount**

                Plaintiff(s),

-v-

**GoFund Advance**

                Defendant(s).

------------------------------------------- x

     **CIVIL CASE MANAGEMENT**
           (JUDGE RAKOFF)

        **22cv1245 (JSR)**

**This Court requires that this case shall be <u>ready for trial</u> on <u>October 12, 2022</u>.**

      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case will not be tried to a jury.

B.    No joinder of additional parties is allowed without leave of Court.

C.    No further amended pleadings is allowed without leave of Court .

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

<u>Documents.</u> Pursuant to the original CMO in this action, the first request for production of documents were required to be served by May 14, 2022. Additional document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

1.  <u>Interrogatories.</u> Pursuant to the original CMO, interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must have been served by <u>May 14, 2022</u>. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

2.  <u>Experts.</u> Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>August 1, 2022</u>. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>August 15, 2022</u>. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below.</u>

4.   <u>Depositions.</u> All depositions (<u>including any expert depositions, see item 3 above</u>) must be completed by <u>August 29, 2022</u>. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.   <u>Requests to Admit.</u> Requests to Admit, if any, must be served by <u>July 29, 2022</u>.

<u>6</u>.   All discovery is to be completed by <u>August 29, 2022</u>.  <u>Interim deadlines for items 1–5 above may be extended by the parties on consent without application to the Court</u>, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

The parties have conferred and given the remaining discovery to be completed and the briefing on Plaintiffs' motion for class certification, *see* § F, it is prudent to defer any post-discovery summary judgment motions until forty-five (45) days after the Court issues its opinion on class certification. Making the deadline for summary judgment contingent upon the Court's ruling on class certification is prudent due to (i) the one-way intervention rule; (ii) possible appeal of the class certification ruling further to Federal Rule 23(f) and/or (iii) the fact that, if a class is certified, the parties will need to (i) confer and to agree on appropriate class notice; (ii) to confer and to agree on a third party claims administrator; (iii) to finalize a class list and send notice; (iv) to provide class members an appropriate amount of time to respond to class notice (typically 45 to 60 days). In light of these issues, and cognizant that consideration of same likely takes the case past the Court's request October 12, 2022 trial ready date, the parties nonetheless recommend deferring establishing deadlines for summary judgment and any subsequent matters until after the Court resolves the class certification motion.

E.   Papers in support of plaintiff's anticipated motion for class certification shall be served and filed by <u>August 5, 2022,</u> answering papers by <u>August 26, 2022</u>, and reply papers by <u>September 3, 2022</u>. Argument on the class certification motion shall be heard on <u>September 12, 2022 at 4:30 p.m</u>. in Courtroom 14B, 500 Pearl Street.

F.   A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held at a time to be set by the Court during the argument on the motion for class certification. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.   All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

DATED: July 8, 2022

New York, New York

_____
Jed S. Rakoff
U.S. District Judge