UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYMOUNT URGENT CARE PC, ROBERT A. CLINTON, JR., INDIGO INSTALLATIONS, INC., and CHRISTOPHER A. TURRENTINE, individually, and on behalf of all those similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> GOFUND ADVANCE, LLC, FUNDING 123, LLC, MERCHANT CAPITAL LLC, ALPHA RECOVERY PARTNERS, LLC, YITZCHOK ("ISAAC") WOLF, JOSEF BREZEL, JOSEPH KROEN, and YISROEL C. GETTER, <br><br> Defendants. | Case No. 1:22-cv-01245-JSR |

## DEFENDANTS' AMENDED ANSWER

Defendants GoFund Advance, LLC ("GFA"), Funding 123, LLC ("Funding 123"), Merchant Capital LLC ("Merchant Capital"), Alpha Recovery Partners, LLC ("Alpha"), Yitzchok Wolf, Yosef Brezel, Joseph Kroen, and Yisroel C. Getter (together, "Defendants") respectfully submit this Answer to the Amended Complaint of Plaintiffs Haymount Urgent Care PC ("Haymount"), Robert A. Clinton, Jr. ("Dr. Clinton"), Indigo Installations, Inc. ("Indigo"), and Christopher Turrentine ("Mr. Turrentine") (together, "Plaintiffs") and state as follows.

## ANSWER TO AMENDED COMPLAINT

1-2. Defendants deny the allegations in Paragraphs 1 and 2 of the Amended Complaint.

3. In response to the allegation in Paragraph 3 of the Amended Complaint, Defendant

1

admits that that Bloomberg News published the referenced article, the content of which speaks for itself. To the extent that the allegation in Paragraph 3 implies any wrongdoing by Defendants, Defendants deny the allegation.

4. In response to the allegation in Paragraph 4 of the Amended Complaint that the New York Legislature took certain action, Defendants aver that any legislative action by the New York Legislature speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. In response to the allegation in Paragraph 5 of the Amended Complaint, Defendant admits that that Bloomberg News published the referenced article, the content of which speaks for itself. To the extent that the allegation in Paragraph 3 implies any wrongdoing by Defendants, Defendants deny the allegation.

6. Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7-11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 through 11 of the Amended Complaint.

12. In response to the allegations in Paragraph 12 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13-15. In response to the allegations in Paragraphs 13 through 15 of the Amended Complaint, Defendants aver that the referenced documents speak for themselves. Defendants deny the remaining allegations in Paragraphs 13 through 15.

16-17. In response to the photographs depicted in Paragraphs 16 and 17 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants deny the remaining allegations in Paragraphs 16 and 17.

18. Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19. In response to the allegation in Paragraph 19 of the Amended Complaint regarding the public docket from the State of Connecticut Superior Court, Defendants aver that the records of the Superior Court speak for themselves.

20. Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21. In response to the allegations in Paragraph 21 of the Amended Complaint, Defendants aver that the referenced documents speak for themselves.

22. Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint.

24-33. Defendants deny the allegations in Paragraphs 24 through 33 of the Amended Complaint.

34. In response to the allegations in Paragraph 34 of the Amended Complaint, Defendants aver that the referenced document speaks for itself.

35. Defendants deny the allegation in Paragraph 35 of the Amended Complaint.

36. In response to the allegations in Paragraph 36 of the Amended Complaint, Defendants aver that the referenced document speaks for itself.

37-39. Defendants deny the allegations in Paragraphs 37 through 39 of the Amended Complaint.

40-43. Defendants admit the allegations in Paragraphs 40 through 43 of the Amended Complaint upon information and belief.

44-47. Defendants deny the allegations in Paragraphs 44 through 47 of the Amended Complaint.

48. Defendants admit the allegation in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegation in Paragraph 49 of the Amended Complaint.

50. Defendants admit the allegation in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegation in Paragraph 51 of the Amended Complaint.

52. Defendants admit the allegations in Paragraph 52 of the Amended Complaint.

53-57. The allegations in Paragraphs 53 through 57 of the Amended Complaint are legal conclusions to which no response is required.

58. Defendants admit the allegations in Paragraph 58 of the Amended Complaint.

59-76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 59 through 76 of the Amended Complaint. To the extent that the allegations in Paragraphs 59 through 76 refer to specific documents, Defendants aver that the referenced documents speak for themselves.

77-86. Defendants deny the allegations in Paragraphs 77 through 86 of the Amended Complaint.

87-102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 87 through 102 of the Amended Complaint.

103-106. In response to the allegations in Paragraphs 103 through 106 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

107. Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108-110. In response to the allegations in Paragraphs 108 through 110 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

111-113. Defendants deny the allegations in Paragraphs 111 through 113 of the Amended Complaint.

114-117. In response to the allegations in Paragraphs 114 through 117 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

118-119. Defendants deny the allegations in Paragraphs 118 and 119 of the Amended Complaint.

120-122. In response to the allegations in Paragraphs 120 through 122 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

123-125. Defendants deny the allegations in Paragraphs 123 through 125 of the Amended Complaint.

126-129. In response to the allegations in Paragraphs 126 through 129 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

130. Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

131-133. In response to the allegations in Paragraphs 131 through 133 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

134-136. Defendants deny the allegations in Paragraphs 134 through 136 of the Amended Complaint.

137-140. In response to the allegations in Paragraphs 137 through 140 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

141-142. Defendants deny the allegations in Paragraphs 141 and 142 of the Amended Complaint.

143-145. In response to the allegations in Paragraphs 143 through 145 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

146-147. Defendants deny the allegations in Paragraphs 146 through 147 of the Amended Complaint.

148. In response to the allegation in Paragraphs 148 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms

149-151. Defendants deny the allegations in Paragraphs 149 through 151 of the Amended Complaint.

152-155. In response to the allegations in Paragraphs 152 through 155 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

156-159. In response to the allegations in Paragraphs 156 through 159 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

160-161. Defendants deny the allegations in Paragraphs 160 through 161 of the Amended Complaint.

162. In response to the allegation in Paragraphs 162 of the Amended Complaint regarding the structure of the agreement, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms. Defendants deny the remaining allegations in Paragraph 162.

163-165. Defendants deny the allegations in Paragraphs 163 through 165 of the Amended Complaint.

166-169. In response to the allegations in Paragraphs 166 through 169 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

170-175. Defendants deny the allegations in Paragraphs 170 through 175 of the Amended Complaint.

176-178. In response to the allegations in Paragraphs 176 through 178 of the Amended Complaint, Defendants aver that any fees that were deducted were disclosed in the parties' agreement. Defendants deny any allegations inconsistent with the foregoing.

179-186. Defendants deny the allegations in Paragraphs 179 through 186 of the Amended Complaint.

187. The allegation in Paragraph 187 of the Amended Complaint is not a factual allegation to which a response is required.

188-191. Defendants deny the allegations in Paragraphs 188 through 191 of the Amended Complaint.

192. Defendants admit the allegations in Paragraph 192 of the Amended Complaint upon information and belief.

193-194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 193 and 194 of the Amended Complaint.

195. In response to the allegations in Paragraph 195 of the Amended Complaint, Defendants aver that the parties' agreements speak for themselves.

196. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 196 of the Amended Complaint.

197-198. Defendants deny the allegations in Paragraphs 197 and 198 of the Amended Complaint.

198-204. In response to the allegations in Paragraphs 198 through 204 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

205-206. Defendants admit the allegations in Paragraphs 205 and 206 of the Amended Complaint.

207-210. Defendants deny the allegation in Paragraph 207 through 210 of the Amended Complaint.

211. In response to the allegation in Paragraph 211 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

212. Defendants deny the allegation in Paragraph 212 of the Amended Complaint.

213. In response to the allegation in Paragraph 213 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

214-215. Defendants deny the allegation in Paragraphs 214 through 215 of the Amended Complaint.

216. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if set fully forth herein.

217-224. The allegations in Paragraphs 217 through 224 of the Amended Complaint are not factual allegations to which a response is required. To the extent a response is required, Defendants deny the allegations in Paragraphs 217 through 224.

225. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

226-227. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraphs 226 and 227 of the Amended Complaint.

228. In response to the allegations in Paragraph 228 of the Amended Complaint, Defendants aver that the New York Court of Appeals decision in *Hammelburger v. Foursome Inn Corp.*, 54 N.Y.2d 580 (1981), speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with this decision.

229-232. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 229 through 232 of the Amended Complaint.

233. Defendants deny the allegation in Paragraph 233 of the Amended Complaint.

234. In response to the allegation in Paragraph 234 of the Amended Complaint, Defendants aver that the referenced Report speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced Report's terms.

235-247. Defendants deny the allegations in Paragraphs 235 through 247 of the Amended Complaint.

248. In response to the allegations in Paragraph 248 of the Amended Compliant, Defendants admit that GFA, Funding 123, and Merchant Capital are separate entities that operate separately from the other Defendants. Defendants deny any suggestion that GFA, Funding 123, and Merchant Capital form part of an "enterprise" under the meaning of the RICO statute.

249-250. Defendants deny the allegations in Paragraphs 249 and 250 of the Amended Complaint.

251. In response to the allegations in Paragraph 251 of the Amended Compliant, Defendants admit that Alpha is a separate corporate entity that operates separately from the other Defendants. Defendants deny any suggestion that Alpha forms part of an "enterprise" under the meaning of the RICO statute.

252-256. Defendants deny the allegations in Paragraphs 252 through 256 of the Amended

Complaint.

257. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Amended Complaint.

258-262. Defendants deny the allegations in Paragraphs 258 through 262 of the Amended Complaint.

263. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

264-272. Defendants deny the allegations in Paragraphs 264 through 272 of the Amended Complaint.

273. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

274-278. Defendants deny the allegations in Paragraphs 274 through 278 of the Amended Complaint.

279-281. In response to the allegations in Paragraphs 279 through 281 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

282-283. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 282 through 283 of the Amended Complaint.

284-287. In response to the allegations in Paragraphs 284 through 287 of the Amended Complaint, Defendants aver that the referenced document speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

288. Defendants deny the allegation in Paragraph 288 of the Amended Complaint.

289. The allegation in Paragraph 289 of the Amended Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendants deny

the allegation in Paragraph 289.

290. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

291-307. Defendants deny the allegations in Paragraphs 291 through 307 of the Amended Complaint.Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

308. In response to the allegation in Paragraph 309 of the Amended Complaint, Defendants aver that the referenced documents speak for themselves. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced documents' terms.

309. Defendants deny the allegation in Paragraph 310 of the Amended Complaint.

310. In response to the allegation in Paragraph 311 of the Amended Complaint, Defendants aver that the referenced documents speak for themselves. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced documents' terms.

312-314. Defendants deny the allegations in Paragraphs 312 through 314 of the Amended Complaint.

315. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

316-318. Defendants deny the allegations in Paragraphs 316 through 318 of the Amended Complaint.

319-320. In response to the allegation in Paragraphs 319 and 320 of the Amended Complaint, Defendants aver that the referenced documents speak for themselves. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced documents' terms.

321. Defendants deny the allegation in Paragraph 321 of the Amended Complaint.

322. In response to the allegation in Paragraph 322 of the Amended Complaint,

Defendants aver that the referenced statute speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced statute's term.

323. In response to the allegation in Paragraph 323 of the Amended Complaint, Defendants aver that the referenced practice guide speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced practice guide's terms.

324-327. Defendants deny the allegations in Paragraphs 324 through 327 of the Amended Complaint.

328. In response to the allegation in Paragraph 328 of the Amended Complaint, Defendants aver that the referenced writ of attachment speaks for itself. Defendants deny any characterization by Plaintiffs that is inconsistent with the referenced writ of attachment's terms.

329-333. Defendants deny the allegations in Paragraphs 329 through 333 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. Plaintiffs fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Estoppel)**

2. Plaintiffs' claims are barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver)**

3. Plaintiffs' claims are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**
**(Ratification)**

4. Plaintiffs' claims are barred by the doctrine of ratification.

**FIFTH AFFIRMATIVE DEFENSE**
**(Release)**

5. Indigo's and Mr. Turrentine's claims are barred by the doctrine of release.

**SIXTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

6. Indigo's and Mr. Turrentine's claims are barred by the doctrine of accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Class Action Waiver)**

7. Plaintiffs' putative class claims are barred by the class action waiver contained in the parties' agreement(s).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Mitigation of Damages)**

8. Plaintiffs' claims are barred to the extent they failed to mitigate their damages.

**NINTH AFFIRMATIVE DEFENSE**
**(Fraudulent Conduct)**

9. Plaintiffs' claims are barred in whole or in part because they engaged in fraudulent conduct by, among other things, making material misrepresentations and omissions.

**TENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

10. Plaintiffs' claims are barred in whole or in part because they do not come to the Court with clean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Litigation Privilege)**

11. Plaintiffs' claims are barred in whole or in part because the alleged unlawful acts or statements were made in the course of contemplated or filed judicial proceedings.

## TWELVETH AFFIRMATIVE DEFENSE
### (Good Faith)

12. Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead with Particularity)

13. Plaintiffs' fraud and fraud-based claims are barred for failure to plead with particularity.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

14. Plaintiffs' claims are barred in whole or in part because Plaintiffs are equally at fault for any damages or misconduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Prior Breach / Repudiation)

15. Plaintiffs' claims are barred in whole or in part because even if Defendants breached any contract, Plaintiffs breached first.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Standing / Lack of Subject Matter Jurisdiction)

16. Plaintiffs' claims are barred because Plaintiffs have not been injured and have no standing.

\*\*\*

NOW having fully answered, Defendants request that the Court dismiss Plaintiffs' Amended Complaint with prejudice, and award Defendants their costs and fees incurred in defending this matter and all other damages and relief to which they are entitled.

July 25, 2022
Miami, FL

>/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman
**ROCHE FREEDMAN LLP**

1 SE 3rd Ave., Suite 1240  
Miami, FL 33131  
Telephone: (305) 753-3675  
Email: vel@rochefreedman.com

Kyle Roche  
Edward Normand  
Peter Back-y-Rita  
Richard Cipolla  
Kelvin Goode  
99 Park Avenue, Suite 1910  
New York, New York 10016  
Telephone: (646) 350-0527  
Facsimile: (646) 392-8842  
Email: kroche@rochefreedman.com  
Email: tnormand@rochefreedman.com  
Email: pbachyrita@rochefreedman.com  
Email: rcipolla@rochefreedman.com  
Email: kgoode@rochefreedman.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Richard Cipolla, do certify that a true and accurate copy of Defendants' Amended Answer was served on all parties on July 25, 2022 via the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Richard Cipolla*  
Richard Cipolla  
99 Park Avenue, Suite 1910  
New York, New York 10016  
Telephone: (646) 350-0527  
Facsimile: (646) 392-8842  
Email: rcipolla@rochefreedman.com