UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
HAYMOUNT URGENT CARE PC; ROBERT A.
CLINTON, JR.; INDIGO INSTALLATIONS,
INC.; and CHRISTOPHER A. TURRENTINE;
individually, and behalf of all those similarly
situated,

                Plaintiffs,

  v.

GOFUND ADVANCE, LLC; FUNDING 123,
LLC; MERCHANT CAPITAL LLC; ALPHA
RECOVERY PARTNERS, LLC; YITZCHOK
("ISAAC") WOLF; JOSEF BREZEL; JOSEPH
KROEN; AND YISROEL C. GETTER,

                Defendants.
----------------------------------X

CASE NO. 1:22-cv-01245- JSR

## STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIALS

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order - - including without limitation the parties to this action, their respective officers, representatives, agents, employees, attorneys, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   b. Previously nondisclosed material relating to ownership or control of any non-public company;

   c. Previously nondisclosed business plans, product development information, or marketing plans;

   d. Any information of a personal or intimate nature regarding any individuals; or

   e. Any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. The protections conferred by this Stipulation and Order cover not only Confidential Discovery Material (as defined above), but also (1) any information copied or extracted from

Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through the hearing or otherwise; and (b) any information known to a receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and the receiving party and the source are under no obligation of confidentiality to the disclosing party. Without regard to any designation of Confidentiality, the Parties shall use discovery solely for the purposes of litigating the above-captioned matter.

5. Prior to any notice required as a result of class certification, neither Plaintiffs nor Defendants (and their respective employees, agents, or attorneys) may proactively contact any Putative Class Members identified solely through the production of Discovery Material in this matter without consent from Defendants or order from the court.

6. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. stenographers, and any necessary secretarial engaged to transcribe depositions conducted in this action; and

   g. the Court and its support personnel.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce

it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture

of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. If a receiving party is called upon to produce Confidential material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or

legislative body, the receiving party from which the Confidential material is sought shall (a) give reasonably prompt written notice by overnight mail and email to the counsel for the producing party; and (b) give the producing party reasonable time to object to the production of such Confidential material, if the producing party so desires. Notwithstanding the foregoing, nothing in this Paragraph shall be construed as requiring any party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**

| | |
|---|---|
| White and Williams LLP | *Roche Freedman LLP* |
| /s/ *Shane R. Heskin* | /s/ *Velvel (Devin) Freedman* |
| Shane R. Heskin | Velvel (Devin) Freedman |
| 7 Times Square, Suite 2900 | 1 SE 3rd Avenue, Suite 1240 |
| New York, NY 10036 | Miami, FL 33131 |
| Tel: (215) 864-6329 | Tel: (786) 924-2900 |
| heskins@whiteandwilliams.com | vel@rochefreedman.com |
| Attorney for Plaintiffs | Attorney for Defendants |
| Dated 8/17/22 | Dated 8/17/22 |

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         8/17/22

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
HAYMOUNT URGENT CARE PC; ROBERT A.
CLINTON, JR.; INDIGO INSTALLATIONS,
INC.; and CHRISTOPHER A. TURRENTINE;
individually, and behalf of all those similarly
situated,

                Plaintiffs,

    v.

GOFUND ADVANCE, LLC; FUNDING 123,
LLC; MERCHANT CAPITAL LLC; ALPHA
RECOVERY PARTNERS, LLC; YITZCHOK
("ISAAC") WOLF; JOSEF BREZEL; JOSEPH
KROEN; AND YISROEL C. GETTER,

                Defendants.
------------------------------------X

CASE NO. 1:22-cv-01245- JSR

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand this Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____