# EXHIBIT C



**RECOVERY PARTNERS**
1274 49th ST STE 197
Brooklyn NY 11219

Tel: (929) 605-4137

April 8, 2022

Creditor:
GoFund Advance
5308 13TH AVE SUITE 324 BROOKLYN NY 11219

Merchant:
Jerome T. Turner, Jr.
11843 Registry Blvd, Hampton, GA 30228
Metropolitan Security Associates, Inc.
320 Lanier Ave, W Ste 200, Fayetteville, GA 30214

## SETTLEMENT AGREEMENT

GoFund Advance ('Creditor') and Metropolitan Security Associates, Inc. ('Merchant') and Jerome T. Turner, Jr. ("Principal" and, collectively with Creditor and Merchant, the "Parties") agree to resolve any and all disputes with respect to the Merchant Agreement ('Contract'), whereby there arose an action which resulted in a default amount of $30,772.50 (the "Outstanding Balance"), with this Settlement Agreement.

1.      **Payments** – Merchant agrees to pay to Creditor, and Creditor agrees to accept $30,000.00 (the "Settlement Payment"), as settlement in full of Creditor's claims against Merchant and Principal pursuant to the Contract; payable via signed mutual release in the amount of $14,000.00 from Navy Federal Credit Union due on or before April 8, 2022; in addition to weekly installments of $2,666.66 starting April 18, 2022 until the settlement sum is paid in full.

Payment of the Settlement Payment and the provisions of this Settlement Agreement provide mutually sufficient consideration for any and all rights, duties, or obligations created by the terms and conditions of this Settlement Agreement.

2.      Forbearance of Creditor's Remedies – Upon receipt and settlement of the first payment, Creditor agrees to forebear from enforcing any UCC liens, judgment levies, and/or restraints on Merchant's accounts it may otherwise be entitled to, so long as Merchant is not in

default of this Settlement Agreement. Additionally, Creditor shall contact any parties that have received UCC lien letters, judgment levies, and/or restraints on Merchant's accounts and release such UCC liens, judgment levies, and/or restraints so long as Merchant is not in breach of this Settlement Agreement.

3. **Default** – If Merchant fails to timely make any payment, or portion thereof, of the Settlement Payment referenced in paragraph "1" of this Settlement Agreement, then Merchant shall be deemed to have defaulted under the terms of this Settlement Agreement. In the event of Merchant's default, Creditor shall have the immediate right to:

   a. Continue enforcing its rights under the Contracts as against Merchant and/or Principal;

   b. Bring any and all additional claims Creditor may have against Merchant and/or Principal, without any prejudice to any other rights, claims or defenses that Creditor may have against Merchant and/or Principal; and

   c. Demand the full Outstanding Balance less any payments received pursuant to this Settlement Agreement, plus costs and reasonable attorney fees.

4. **UCC Release; Satisfaction of Judgments** – Upon Creditor's receipt of the entire Settlement Payment, Creditor shall, within ten (10) business days:

   a. Prepare and file a satisfaction of judgment regarding any judgments that may have been entered against Merchant and/or Principal regarding the Contract; and

   b. File a UCC-3 Termination with the Secretary of State in Merchant's state of organization and/or Principal's domicile terminating any and all UCC-1 Financing Statements in favor of Creditor.

5. **Bank Access** – Merchant will provide electronic bank login access within 24 hours of any oral or written request by Principal during the term of this Agreement.

6. **Mutual Releases** – Merchant and Principal shall release and forever discharge Creditor and each of its past and present agents, attorneys, representatives and successors and each of them, separately and collectively, from any and all claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated, that Merchant and Principal or of their respective successors or assigns ever had or now has, or may claim to have.

Upon Creditor's receipt of the full Settlement Payment, Creditor shall release and forever discharge Merchant and Principal and each of their respective past and present agents, attorneys, representatives and successors and each of them, separately and collectively, from any and all

claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated, that Creditor or of its successors or assigns ever had or now has, or may claim to have.

7.    **Confidentiality** – This Settlement Agreement, its terms and information contained herein is confidential.  The parties therefore agree not to disclose the terms contained herein to any third party unless required to do so under applicable law and or in the event of a default hereunder by Creditor and/or Merchant.

8.    Attorneys' Fees – Should any of the Parties need to commence legal action to enforce any term of this Settlement Agreement, the prevailing party shall be entitled to the costs of said action including, but not limited to, reasonable attorneys' fees.

9.    **Severability** – The provisions of this Settlement Agreement are severable and the invalidity or unenforceability of any provision of this Settlement Agreement shall not affect the validity or enforceability of any other provision. In the event that any provision of this Settlement Agreement (or portion thereof) is determined by a court of competent jurisdiction to be unenforceable, void, voidable or unenforceable, as drafted by virtue of the scope, duration, extent, or character of any obligation contained therein, the parties acknowledge that such provisions (or portion thereof) shall not affect any other term or provision of this Settlement Agreement.

10.    **Amendments** – This Settlement Agreement represents the full, complete and entire agreement between the Parties and may not be modified, supplemented, or amended except by written Amendment to the Settlement Agreement executed by all of the parties to this Settlement Agreement.

11.    **Execution** – This Settlement Agreement may be executed in multiple counterparts, and each of such counterparts so executed shall be deemed an original. All such counterparts together shall be deemed to constitute one final Settlement Agreement as if signed by all parties hereto. A telecopy or facsimile transmission of a signed counterpart of this Settlement Agreement shall be sufficient to bind the parties whose signatures appear thereon.

12.    **Authority** – The persons acting on behalf of the corporate entity hereto represent and warrant that said person has the complete and full authority/authorization to execute this Settlement Agreement on behalf of the respective entity.

13.    **Attorney Review** – The Parties acknowledges they had ample time to consult with an attorney of their choosing with respect to the terms of this Agreement and has been advised to do so.

14.    **Facsimile Acceptance** – Facsimile signatures and/or via Portable Digital Format (PDF) shall be deemed acceptable for all purposes.

15.    **Wire Instructions –** All wires should be made to the following account:

Account Name: Alpha Recovery Partners
Account Address: 461 Van Brunt St, Brooklyn NY 11231
Bank Name: Israel Discount Bank
Bank Address: 511 5th Ave, New York, NY 10017
Routing Number: REDACTED
Account Number: REDACTED

**[SIGNATURE PAGE BELOW]**

**IN WITNESS WHEREOF** the parties have executed this Settlement Agreement as of the date set forth above.

**AGREED AND ACCEPTED:**

**GoFund Advance**

By: _____
Name:
Title:

**Metropolitan Security Associates, Inc.**

By: _____
Name: Jerome T. Turner, Jr.
Title:

**Jerome T. Turner, Jr.**

By: _____
Name: Jerome T. Turner, Jr.