# EXHIBIT 83

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made effective this 10th day of March, 2022 by and between **FUNDING 123, LLC ("FUNDING")**, on one hand and **KENROCK ENTERPRISES, LLC, ROCKWOOD MUSIC CORP., LLC, ROCKWOOD MUSIC HALL BOSTON, LLC, ROCKWOOD ENTERTAINMENT, INC. and KENNETH ROCKWOOD (together "KENROCK")** on the other (together, jointly and severally, "KENROCK," unless noted otherwise) (collectively, "the Parties").

## W I T N E S S E T H:

**WHEREAS**, On or about January 17, 2022, FUNDING, as buyer, and KENROCK ENTERPRISES as seller, executed a commercial Agreement (the "Contract"), whereby KENROCK ENTERPRISES promised to pay FUNDING a certain sum for future receivables, as more fully described therein;

**WHEREAS**, FUNDING has commenced a lawsuit against KENROCK for breach of the Contract, as more particularly described in a certain civil action entitled, <u>FUNDING 123, LLC V. KENROCK ENTERPRISES, LLC., ET AL.</u> in the Superior Court, Judicial District of Stamford/Norwalk, Connecticut, at Stamford (the "Action");

**WHEREAS**, the Parties agree to the foregoing on the terms and conditions, without admitting fault or liability concerning the Action;

**NOW, THEREFORE,** in consideration of the foregoing and in further consideration of the mutual covenants herein contained, the Parties agree as follows:

1. KENROCK agrees to pay FUNDING a total settlement payment of $149,128.85 (the "Settlement Payment"), time being of the essence, as follows.

2. By March 10, 2022, KENROCK shall execute and provide FUNDING any and all required documents to release the total amount of $149,128.85 from it bank account at TD Bank to FUNDING's counsel, Hassett & George, P.C., to fully apply and pay the total Settlement Payment.

3. In the event that KENROCK fails to authorize or timely make the payments set forth in paragraph 2 above or breaches any other term of this Agreement, FUNDING shall have the right to collect the balance due hereunder by enforcing this Agreement, plus interest as provided herein and reasonable attorney's fees and costs, with no further notice to KENROCK.

4. In the event of a default and/or breach of this Agreement by KENROCK, interest shall accrue at the rate of 12% per annum from the date of the breach/default.

5. THE UNDERSIGNED KENROCK PARTIES HEREBY ACKNOWLEDGE THAT THE TRANSACTION OF WHICH THIS AGREEMENT IS A PART IS A

HAY-0001538

COMMERCIAL TRANSACTION, AND TO THE EXTENT ALLOWED, UNDER CHAPTER 903A OF THE CONNECTICUT GENERAL STATUTES OR BY OTHER APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVES (A) ALL RIGHTS TO NOTICE AND PRIOR COURT HEARING OR COURT ORDER IN CONNECTION WITH ANY AND ALL PREJUDGMENT REMEDIES TO WHICH FUNDING, THE PRESENT AGREEMENT HOLDER, OR ANY SUBSEQUENT HOLDER OF THIS AGREEMENT MAY BECOME ENTITLED BY VIRTUE OF ANY DEFAULT OR PROVISION OF THIS AGREEMENT AND (B) ALL RIGHTS TO REQUEST THAT PRESENT THE AGREEMENT HOLDER OR ANY SUBSEQUENT HOLDER OF THIS AGREEMENT POST A BOND, WITH OR WITHOUT SURETY, TO PROTECT THE UNDERSIGNED OR ANY OTHER LIABLE PARTY AGAINST DAMAGES THAT MAY BE CAUSED BY ANY PREJUDGMENT REMEDY SOUGHT OR OBTAINED BY THE PRESENT AGREEMENT HOLDER OR ANY SUBSEQUENT HOLDER OF THIS AGREEMENT BY VIRTUE OF ANY DEFAULT OR OTHER PROVISION OF THIS AGREEMENT, AND THE UNDERSIGNED HEREBY CONSENT, JOINT AND SEVERALLY, TO THE ISSUANCE OF ANY SUCH PREJUDGMENT REMEDY WITHOUT SUCH A BOND.

     IN ADDITION TO ANY OTHER AVAILABLE PREJUDGMENT REMEDIES, AND/OR AS PART OF THE SAID PREJUDGMENT REMEDY WAIVER ABOVE, THE KENROCK PARTIES HEREBY ACKNOWLEDGE, UNDERSTAND, AGREE AND CONSENT THAT FUNDING MAY ATTACH OR GARNISH ANY AND ALL OF THEIR MONEY/ACCOUNTS/FUNDS HELD IN ANY BANK ACCOUNT AT A BANKING INSTITUTION IF THAT BANKING INSTITUTION HAS A BRANCH/OFFICE PHYSICALLY LOCATED IN CONNECTICUT AND/OR IS REGISTERED TO CONDUCT BUSINESS IN CONNECTICUT.

     6.    The Parties have had the ability to adequately consult with their respective legal counsel in regards to this commercial Agreement and its meaning.

     7.    Neither the Agreement, nor any of the provisions hereof, can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Parties against whom enforcement of the change, waiver, discharge, or termination is sought.

     8.    The Agreement and any related documents contemplated by the Agreement shall be construed and interpreted in accordance with the laws of the State of Connecticut. The State courts of the State of Connecticut, county of Fairfield, shall, if FUNDING so elects, be the sole and exclusive forum for any dispute or litigation arising out of or relating to this Agreement and the Parties voluntarily waive any claim that Connecticut is an improper, unfair or inconvenient forum.

     9.    Should there be a breach of this Agreement, the prevailing party to any litigation arising out of or relating to this Agreement shall be entitled to their reasonable attorney fees and costs in addition to any other damages or relief awarded by a court.

     10.    In the event that any provision of the Agreement is held to be void or

HAY-0001539

unenforceable by a Connecticut court, the remaining provisions of the Agreement shall nevertheless be binding upon the Parties with the same effect as though the void or unenforceable part had been deleted, unless a Connecticut court determines that the deletion of such provision substantially changes the meaning of the Agreement and makes enforcement of same inequitable.

11. Any delay or failure by any party to exercise any right under the Agreement, or any party's partial exercise of any right under the Agreement, shall not constitute a waiver of such right or any other right. The waiver by any party of any particular breach of the Agreement or right hereunder shall not operate or be construed as a waiver of any other breach of the Agreement or right hereunder, and no such waiver shall be effective unless set forth in writing by the party against whom such waiver is sought to be enforced. KENROCK shall not cause any funds previously paid and referenced in paragraphs 1 above as part of this Settlement Agreement to be reversed and/or claimed as unauthorized as doing so shall be considered a material breach of this Agreement.

12. The Parties agree that the Agreement may be executed in two or more counterparts, each of which shall constitute an original and binding copy of the Agreement, albeit one and the same instrument. Executed photocopies of the Agreement shall be as binding as the original.

13. Each person or entity executing the Agreement warrants and represents that he/she is duly authorized to do so, all necessary action having been taken to confer such authority and no one has forced them to sign this Agreement.

14. FUNDING shall release all bank account holds and UCC liens after the Settlement Payment is paid in full. FUNDING shall withdraw/discontinue the Action upon the execution of this Agreement.

15. The Parties agree that once KENROCK pays the Settlement Payment, in full, this Agreement resolves any and all claims between the Parties that were asserted, or that could have been asserted, against any of the Parties named in the Action, or in any other action, whether Plaintiff or Defendant, whether withdrawn or not withdrawn. In consideration of the promises set forth in the Agreement, the Parties mutually, irrevocably and forever remise, release, and forever discharge each other, any and all of their affiliated businesses (whether dissolved or not dissolved), their respective successors, heirs, spouses, executors and administrators, agents, trustees, settlors, officers, directors, employees, members, and attorneys of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity which they ever had, now have, or which their heirs, spouses, affiliated businesses, members, directors, employees, agents, executors, or successors, hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time to the date of this Agreement, known or unknown, including, but not limited to, any and all claims or counterclaims that were raised or could have been raised in the Action or relating to the Contract. This release shall not be construed or

HAY-0001540

intended to release future claims by and between the parties relating to this Agreement.

16.     The Contract is hereby terminated.

**READ, AGREED AND UNDERSTOOD.**

**KENROCK ENTERPRISES, LLC, ROCKWOOD MUSIC CORP., LLC, ROCKWOOD MUSIC HALL BOSTON, LLC, ROCKWOOD ENTERTAINMENT, INC.** AND **KENNETH ROCKWOOD**

By: _____
        *KENNETH ROCKWOOD*
**KENNETH ROCKWOOD**
Duly Authorized and individually


**FUNDING 123, LLC**

_____

Duly authorized

4

HAY-0001541