UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| HAYMOUNT URGENT CARE PC, ROBERT CLINTON JR., *individually and on behalf of all those similarly situated,* | : : : |
| Plaintiffs, | : : : |
| v. | : : |
| GOFUND ADVANCE LLC, FUNDING 123 LLC, MERCHANT CAPITAL LLC, ALPHA RECOVERY PARTNERS LLC, YITZCHOK ("ISSAC") WOLF, JOSEF BREZEL, JOSEPH KROEN and YISROEL C. GETTER, | : : : : : : |
| Defendants. | : : |

Case No.: 1:22-cv-01245-JSR

-----------------------------------------------------------------x


### DEFENDANT YISROEL C. GETTER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT


Of Counsel,
Paul S. Hugel (PH4749)
Wayne E. Gosnell (WG2422)

CLAYMAN ROSENBERG
KIRSHNER & LINDER LLP
*Attorneys for Defendant
Yisroel C. Getter*

305 Madison Ave, Ste 650
New York, New York 10165

# TABLE OF CONTENTS

ARGUMENT.................................................................................................................1

I.    SUMMARY JUDGMENT DISMISSING THE SUBSTANTIVE RICO
      CLAIM AGAINST GETTER SHOULD BE GRANTED BECAUSE THERE
      IS NO EVIDENCE THAT PLAINTIFFS SUFFERED INJURY TO THEIR
      PROPERTY OR BUSINESS CAUSED BY A VIOLATION OF
      SECTION 1962 (C) COMMITTED BY GETTER ................................................ 2

      A.   Plaintiffs Lack Standing to Assert a Section 1962(c)
           Claim against Getter ..................................................................... 2

      B.   Plaintiffs Have Not Established that Getter
           Participated in the Alleged Enterprise through
           a Pattern of Racketeering Activity.................................................. 4

II.   SUMMARY JUDGMENT IN FAVOR OF GETTER SHOULD BE
      GRANTED ON THE RICO CONSPIRACY CLAIM BECAUSE
      PLAINTIFFS CANNOT SHOW THAT GETTER ENTERED
      INTO AN AGREEMENT TO VIOLATE SECTION 1962...................................... 6

III.  SUMMARY JUDGMENT IN FAVOR OF GETTER SHOULD
      BE GRANTED ON THE BREACH OF CONTRACT CLAIMS
      BECAUSE GETTER IS NOT A PARTY TO ANY CONTRACT
      WITH PLAINTIFFS ................................................................................. 8

CONCLUSION.........................................................................................................9

**TABLE OF AUTHORITIES**

## Cases

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ............................................................................1, 2

*Citadel Mgmt., Inc. v. Telesis Trust, Inc.,*
   123 F. Supp. 2d 133 (S.D.N.Y. 2000) ................................................. 6

*DeSilva v. N. Shore-Long Island Jewish Health Sys.,*
   770 F. Supp. 2d 497 (E.D.N.Y. 2011) ................................................. 6

First Capital Asset Mgmt. v. Satinwood, Inc.,
   385 F.3d 159 (2d Cir. 2004) ................................................................ 6

*Goenaga v. March of Dimes Birth Defects Found.,*
   51 F.3d 14 (2d Cir. 1995) .................................................................... 2

*Hayut v. State Univ. of N.Y.,*
   352 F.3d 733 (2d Cir. 2003) .................................................................1

*Hecht v. Commerce Clearing House, Inc.,*
   897 F.2d 21 (2d Cir. 1990) ...................................................................7

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,*
   191 F.3d 229 (2d Cir. 1999)................................................................. 3

*Motorola Credit Corp. v. Uzan,*
   322 F.3d 130 (2d Cir. 2003) ................................................................ 3

*Palatkevich v. Choupak,*
   152 F. Supp. 3d 201 (S.D.N.Y. 2016) ................................................. 3

*Reves v. Ernst & Young,*
   507 U.S. 170 (1993)............................................................................. 5

*United States v. Grote,*
   961 F.3d 105 (2d Cir. 2020)..................................................................7

*United States v. Laurent,*
   33 F.4th 63 (2d Cir. 2022)................................................................... 6

*United States v. Viola,*
   35 F.3d 37(2d Cir. 1994) ................................................................. 5, 6

## **<u>Statutes</u>**

18 U.S. Code § 1962 .................................................................................*passim*

18 U.S. Code § 1964 ........................................................................................... 3

For the reasons set forth in the Rule 56 motion filed by Defendants GoFund Advance, *et al.*, which Yisroel Getter joins in its entirety, summary judgment should be granted dismissing the Amended Complaint.  In addition to the arguments set forth in his co-defendants brief, summary judgment should be granted in favor of Mr. Getter for the additional reasons set for the herein.

ARGUMENT

The Amended Complaint asserts six causes of action against Mr. Getter – substantive RICO, RICO conspiracy, declaratory judgment, fraud, breach of contract and section 1983.  In response to Defendants' Rule 12 motion, the Court dismissed the fraud claim and a portion of the declaratory judgment claim. [Dkt. No. 86 at 37]. Plaintiffs subsequently withdrew the section 1983 claim and the remaining portion of the declaratory judgment claim. [Dkt. No. 137 at 16 n.10].  The extant claims against Mr. Getter are therefore substantive and conspiratorial RICO (claims one and two) and breach of contract (claim five).

Upon proper motion, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at

323; *see also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (noting that "the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim").

At trial, Plaintiffs would have the burden of presenting evidence sufficient to demonstrate each of the elements of each of their surviving claims against Mr. Getter. Because Plaintiffs have the burden of proof at trial of establishing each of the elements of their claims, in moving for summary judgment, Getter can meet his burden by "showing – that is pointing out to the district court – that there is an absence of evidence to support [Plaintiffs'] case." *Celotex,* 477 U.S. at 325.

As set forth below, Plaintiffs lack evidence necessary to establish essential elements of each of the remaining claims against Mr. Getter.

I.   SUMMARY JUDGMENT DISMISSING THE SUBSTANTIVE RICO CLAIM AGAINST GETTER SHOULD BE GRANTED BECAUSE THERE IS NO EVIDENCE THAT PLAINTIFFS SUFFERED INJURY TO THEIR PROPERTY OR BUSINESS CAUSED BY A VIOLATION OF SECTION 1962 (C) COMMITTED BY GETTER.

A.   Plaintiffs Lack Standing to Assert a Section 1962(c) Claim against Getter.

To show standing to pursue a claim under 18 U.S.C. § 1962(c) against Getter, Plaintiffs must establish that Getter violated section 1962(c) and that Plaintiffs suffered an injury to their property or business directly caused by Getter's violation of section 1962 (c).  Plaintiffs will be unable to establish this for a simple reason – there is no evidence that Getter played any role in any MCA obtained by Plaintiffs.  There is no evidence Getter was involved in the issuance of any MCAs to Haymount.  There is no evidence that Getter was involved in the collection of payments for MCAs from Haymount.  There is no evidence that Getter was involved in asset restraints against

Haymount. The absence of evidence linking Plaintiffs' injury to any RICO violation committed by Getter is fatal to Plaintiffs section 1962(c) claim against Getter.

Pursuant to 18 U.S.C. § 1964(c), "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ." To establish standing to bring a civil RICO claims a plaintiff must therefore demonstrate, "(1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation." *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 135 (2d Cir. 2003). "A plaintiff's standing to sue under RICO requires a showing that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well." *Palatkevich v. Choupak*, 152 F. Supp. 3d 201, 214-15 (S.D.N.Y. 2016) *quoting Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 234 (2d Cir. 1999). Therefore, to establish that they have standing to bring the section 1962(c) claim asserted against Getter, Plaintiffs must*, inter alia*, present evidence showing that they suffered an injury directly caused by Getter's alleged RICO violations – *i.e.* by his alleged collection of unlawful debts or by his alleged racketeering activity. No such evidence exists.

Even if the Court were to find that the Haymount MCAs constituted "unlawful debt" there is no evidence that Getter played any role in the collection of these debts from Haymount. Since Plaintiffs cannot point to a single action taken by Getter concerning the collection of any debts from them, it follows that they cannot show that they were directly injured by Getter's collection of unlawful debts.

Likewise, Plaintiffs cannot establish that they were directly injured by racketeering acts committed by Getter. To establish this, Plaintiffs would have to present evidence: a) establishing the commission of a pattern of racketeering activity by

Getter and b) showing that one or more of these predicate acts directly injured Plaintiffs. As the Court pointed out in its decision on Defendants' Rule 12 motion, the only viable claim of racketeering activity alleged in the Amended Complaint is wire fraud based upon the allegation that defendant GoFund Advance made ACH withdrawals from Haymount's account using misleading names.  [Dkt No. 86 at 21].  While the Court found that the Amended Complaint alleged a viable fraud against GoFund Advance relating to these ACH transfers, it found that there were no factual allegations against any of the other defendants relating to these transfers and dismissed the ACH fraud claims against Getter and the other defendants. *Id*. at 36.  Since the only racketeering activity alleged in the Amended Complaint concerns the allegedly fraudulent ACH transfers, and the Court has already dismissed the ACH fraud claims against Getter, there are no surviving allegations that Getter engaged in any "racketeering activity," much less evidence showing he engaged in a pattern of racketeering activity and that his racketeering activity directly injured Plaintiffs.

Since Plaintiffs cannot show that they were directly harmed by any collection of unlawful debt or any predicate racketeering acts by Getter they cannot establish standing to bring a section 1962(c) claim against Getter.  Summary judgment in favor of Getter should therefore be granted on the substantive RICO claim.

B. Plaintiffs Have Not Established that Getter Participated
   in the Alleged Enterprise through a Pattern of Racketeering Activity.

Putting aside their lack of standing, to establish a section 1962(c) claim against Getter, Plaintiffs would have to show that Getter conducted or participated in the alleged RICO enterprise through a pattern of racketeering activity or the collection of unlawful debt.  There is no evidence establishing either of these elements.

The primary thrust of the Amended Complaint was that the MCA loans obtained by Haymount constituted usurious loans.  If the Court rejects this assertion (for the reasons set forth in the other defendants' summary judgment motion), Plaintiffs can only prove their substantive RICO claim by showing a pattern of racketeering activity committed by each defendant.  As set forth above, the "racketeering activity" alleged in the Amended Complaint relates to a series of alleged fraudulent ACH debits by GoFund from Haymount's bank account.  As the Court observed in dismissing the fraud claim against Getter, the Amended Complaint contained no allegations that Getter played any role in the allegedly fraudulent ACH transactions.  Since there are no surviving claims of fraud against Getter, Plaintiffs cannot establish that Getter engaged in any racketeering activity, much less a pattern of racketeering activity.

Finally, Plaintiffs cannot establish that Getter had the requisite level of control of the enterprise affairs to establish RICO liability.  In *Reves v. Ernst & Young*, 507 U.S. 170 (1993) the Supreme Court held that to "conduct or participate" in a RICO enterprise, a defendant must satisfy the "operation or management test" which at a minimum requires that the defendant must "have some part in directing [the enterprise's] affairs." *Id*. at 179.  Since *Reves*, "it is plain that the simple taking of directions and performance of tasks that are necessary or helpful to the enterprise, without more, is insufficient to bring a defendant within the scope of § 1962(c)."  *United States v. Viola*, 35 F.3d 37, 41 (2d Cir. 1994).

In their most recent filing with this Court, Plaintiffs described Getter's role in the enterprise in terms that clearly do not satisfy the "operation and management" test.  In their class certification motion filed after the close of discovery, Plaintiffs asserted that the enterprise was in fact controlled by the three other individual defendants and that

Getter was simply a "patsy" used by them to hide their control of the various MCA entities. [Dkt. No. 137 at 2].

In their class certification motion, Plaintiff stated that the only "Culpable Persons" named as defendants in this action were defendants Wolf, Brezel, and Kroen. *Id.* By Plaintiffs' own admission, the evidence shows that Getter "simply did not come within the circle of people who operated or managed the enterprise's affairs." *Viola*, 35 F.3d at 43 (2d Cir. 1994). As such, he did not "conduct or participate in the affairs of the enterprise" sufficient to trigger liability under section 1962(c).

II.   SUMMARY JUDGMENT IN FAVOR OF GETTER SHOULD BE GRANTED ON THE RICO CONSPIRACY CLAIM BECAUSE PLAINTIFFS CANNOT SHOW THAT GETTER ENTERED INTO AN AGREEMENT TO VIOLATE SECTION 1962.

Plaintiffs' RICO conspiracy claims are entirely dependent on their substantive RICO claims. Where, as here, the elements of the substantive RICO provisions are not met, a RICO conspiracy claim cannot stand. *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 156 (S.D.N.Y. 2000); *DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 525 n.13 (E.D.N.Y. 2011). If the court finds that the Defendants are entitled to summary judgment on the substantive RICO claim, the conspiratorial RICO must also be dismissed. *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 164 (2d Cir. 2004).

Assuming *arguendo* that Plaintiffs substantive RICO claim survive summary judgment, to establish a RICO conspiracy claim against Getter, Plaintiffs must prove that Getter agreed with others to participate in the conduct of the affairs of the enterprise and that the affairs of the enterprise would include the alleged predicate acts of racketeering. *United States v. Laurent*, 33 F.4th 63, 82 (2d Cir. 2022). Moreover,

because an agreement to commit predicate acts cannot by itself cause any injury, Plaintiff's must show that they were directly injured by the alleged RICO predicate acts as the basis of civil standing to recover for RICO conspiracy violations. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990).

The proof that Plaintiffs would need to offer to raise a material issue of fact on their RICO conspiracy claim against Getter depends upon which, if either, of their substantive RICO theories survives summary judgment. As already noted, Plaintiffs assert two distinct types of predicate acts as the basis for their substantive RICO claim against Getter – the collection of unlawful debts and a pattern of wire fraud. Depending on which theory of substantive RICO liability survives summary judgment, Plaintiff would need to show that Getter agreed with the other defendants to conduct the operations of the RICO enterprise either through the collection of unlawful debt or through a pattern of wire fraud. They cannot show either.

There is no evidence that Getter entered into a conspiratorial agreement to collect unlawful debt. To establish the existence of such a conspiratorial agreement, Plaintiffs would have to show that Getter acted willfully – *i.e.*, that he "was aware of the unlawfulness of their making loans with interest rates that exceeded the limits permitted by the usury laws." *United States v. Grote*, 961 F.3d 105, 109 (2d Cir. 2020). Plaintiffs can offer no evidence that Getter acted with such willfulness. There is no evidence showing or implying that Getter knew that any of the MCAs entered into by members of the enterprise were actually loans that violated the usuary laws of the relevant state, much less that the MCA's made to Haymount were unlawful. As this Court has observed, the intersection of choice of law rules and the issue of the whether the MCAs constitute "loans" makes it challenging for even an experienced jurist to

7

determine if any particular MCA violates usuary laws.  To conclude that Getter, who did not complete high school, made this determination would defy reason.

There is no evidence showing that Getter was aware that the enterprise was collecting unlawful debt.  There is no evidence showing actions by Getter that could plausibly lead to the inference that Getter believed the enterprise was collecting unlawful debt. Absent evidence showing that Getter believed that he was on the wrong side of the law with respect to MCA loans, Plaintiffs cannot establish that Getter entered into a conspiratorial agreement to violate RICO through the collection of unlawful debt.

There is also no evidence that Getter agreed with the other Defendants to commit wire fraud though making fraudulent ACH transfers from Plaintiffs' account. Indeed, the Court has already dismissed the fraud claim based upon this same allegation, finding that the Amended Complaint did not allege that Getter played any role in the allegedly fraudulent ACH transfer.

The Court should grant summary judgment in favor of Getter with respect to the RICO conspiracy claim.

III.    SUMMARY JUDGMENT IN FAVOR OF GETTER SHOULD BE GRANTED ON THE BREACH OF CONTRACT CLAIMS BECAUSE GETTER IS NOT A PARTY TO ANY CONTRACT WITH PLAINTIFFS.

Plaintiffs' breach of contract claim are premised upon the allegations that Plaintiff Haymount did not receive the funds it was promised in one or more of the MCA Agreements and that Haymount's bank accounts were debited for more than was permitted under the MCA Agreements.  The contracts that Plaintiffs allege were breached are the six MCA Agreements identified in the Amended Complaint.  Putting aside the merits of Plaintiffs alleged breach claim, Plaintiffs cannot establish (and did not allege) that Getter was a party to

any of these MCA Agreements. It therefore cannot establish that Getter is liable to Plaintiffs for breach of contract.

Specifically, the Amended Complaint alleges that Plaintiff Haymount entered into the following six MCA Agreements.  It claims that Haymount entered into one MCA with Merchant Capital (Dkt NO. at ¶ 103), four with GoFund (*Id.* at ¶ 114, 126, 137 and 166) and one with Funding 123 (*Id.* at ¶ 152).  Plaintiffs do not allege that they entered into any MCA agreements with Getter, and the MCA agreements themselves indicate that Getter is not a party thereto. [Dkt No. 124, Ex. 1-6]  Since Getter is not a party to any MCA contract with Plaintiffs, he cannot be liable to Plaintiffs for breach of contract. Summary judgment in favor of Getter should therefore be entered on the fifth cause of action alleging breach of contract.

## CONCLUSION

For the reasons set forth herein and in the papers filed by the other Defendants in support of their motion for summary judgment, the Court should grant summary judgment in favor of Getter on all remaining claims against him.

Date:  New York, New York
         February 13, 2023

CLAYMAN ROSENBERG
KIRSHNER & LINDER LLP
*Attorneys for Defendant
Yisroel C. Getter*

Paul S. Hugel (PH4749)
Wayne Gosnell (WG2422)
305 Madison Ave – Ste 650
New York, New York 10165
hugel@clayro.com
gosnell@clayro.com