---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HAYMOUNT URGENT CARE PC, ROBERT
CLINTON JR., *individually and on behalf of
all those similarly situated*,

                      Plaintiffs,

     v.

GOFUND ADVANCE LLC, FUNDING 123 LLC,
MERCHANT CAPITAL LLC,
ALPHA RECOVERY PARTNERS LLC,
YITZCHOK ("ISSAC") WOLF, JOSEF BREZEL,
JOSEPH KROEN and YISROEL C. GETTER,

                      Defendants.
-----------------------------------------------------------------x

Case No.: 1:22-cv-01245-JSR

**Local Civil Rule 56.1
Statement of Material Facts**

      Defendant Yisroel Getter, by and through his attorneys Clayman Rosenberg Kirshner & Linder LLP, pursuant to Local Rule 56.1 hereby contends that the following are material facts for which there are no genuine issues to be tried.

1. There is no evidence showing that Getter played a role in making any merchant cash advances ("MCAs") to Plaintiffs. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

2. There is no evidence showing that Getter was involved in collecting any payments for MCAs from Plaintiffs. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

3. There is no evidence showing that Getter ever had any communication with Plaintiffs. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

4. There is no evidence showing that Getter received any share of the profits from any MCA made to Plaintiff. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

5. There is no evidence showing that Getter exercised any decision-making authority in connection with any MCA made to Plaintiff. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

6. There is no evidence showing that Getter played any role in restraining or garnishing any funds or assets owned by or owed to Plaintiffs. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

7. There is no evidence showing that Getter directed the affairs of the RICO enterprise alleged in the Amended Complaint. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

8. There is no evidence showing that Plaintiffs suffered any injury to their property or business proximately caused by a violation of 18 U.S.C. § 1962 (c) committed by Getter. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence].

9. There is no evidence showing that Getter knew that any MCA agreement entered into by a member of the alleged RICO enterprise was an unlawful debt. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence]

10. There is no evidence showing that Getter agreed with any other member of the alleged RICO enterprise to collect unlawful debts. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence]

11. There is no evidence showing that Getter believed that members of the alleged RICO enterprise were engaged in the collection of unlawful debts. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence]

12. There is no evidence showing that Getter caused ACH transfers to be taken out of Plaintiffs' bank account through the use of false names. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence]

13. There is no evidence showing that Getter agreed with any other member of the alleged RICO enterprise to cause ACH transfers to be taken out of Plaintiffs' bank account through the use of false names. [Because Getter is asserting that such evidence does not exist, he can provide no citation to such evidence]

14. Getter was not a party to any of the MCA Agreement entered into by Plaintiffs that are the subject of this Action.  [Dkt No. 124, Affirmation of Robert Clinton date Sept 22, 2022 at ¶ 17-18 and Exhs. 1 -6 annexed thereto]

Date: New York, New York
February 13, 2023

                                                  CLAYMAN ROSENBERG
KIRSHNER & LINDER LLP
*Attorneys for Defendant
Yisroel C. Getter*

*/s/ Paul S. Hugel*
_____
Paul S. Hugel (PH4749)
Wayne Gosnell (WG2422)
305 Madison Ave – Ste 650
New York, New York 10165
hugel@clayro.com
gosnell@clayro.com

4