UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYMOUNT URGENT CARE PC and ROBERT A. CLINTON, JR., *individually and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GOFUND ADVANCE, LLC, FUNDING 123, LLC, MERCHANT CAPITAL LLC, ALPHA RECOVERY PARTNERS, LLC, YITZCHOK ("ISAAC") WOLF, JOSEF BREZEL, JOSEPH KROEN, AND YISROEL C. GETTER,<br><br>Defendants. | Case No. 1:22-cv-01245-JSR<br><br>**RESPONSE TO GETTER'S RULE 56.1 STATEMENT OF MATERIAL FACTS** |

Plaintiffs Haymount Urgent Care PC ("Haymount") and Robert A. Clinton, Jr. ("Clinton", collectively "Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendant Yisroel C. Getter's ("Getter") Local Civil Rule 56.1 Statement of Material Facts, dated February 13, 2023 [DE 184] ("Getter SMF") as follows below.  In responding to the Getter SMF, Plaintiffs will refer to their own Local Civil Rule 56.1 Statement of Material Facts, dated February 13, 2023 [DE 180] ("Pls. SMF"), the Declaration of Shane R. Heskin, dated February 13, 2023 [DE 171-173] ("Heskin Decl."), the exhibits annexed thereto, and all prior proceedings.

## PLAINTIFFS' SPECIFIC RESPONSES TO GETTER SMF

1. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter played a role in making any merchant cash advances ("MCAs") to Plaintiffs."  Getter SMF ¶ 1. This fact is disputed by Getter's own affidavit filed with this Court in which he attested to having personal knowledge and involvement in Funding 123's MCA agreement with Haymount.  *See* [DE 64].  Moreover, Getter testified he owns Hartford Receivables, LLC ("Hartford").  Pls. SMF ¶ 47.

According to the most recent annual reports filed by Defendants GoFund Advance, LLC ("GoFund"), Funding 123, LLC ("Funding 123") and Merchant Capital ("Merchant"), all three of these Defendants are owned by Hartford.  Pls. SMF ¶¶ 72-73; Heskin Decl. Exs. 11-13.

2. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter was involved in collecting any payments for MCAs from Plaintiffs." Getter SMF ¶ 2.  In addition to the reasons set forth in Paragraph 1 above, Getter's own affidavit filed with this Court disputes this fact because therein he included a purported pay run reflecting Funding 123's payment collection from Haymount, and testified as to the history of payments Funding 123 received in connection with its December 27, 2021 MCA agreement with Haymount.  *See* [DE 64 and 64-3].

3. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter even had any communication with Plaintiffs." Getter SMF ¶ 3.  In addition to the reasons set forth in Paragraphs 1 and 2 above, Getter's statement is disputed by his own affidavit filed with this Court where he included text messages between Defendants and Plaintiffs.  *See* [DE 64 and 64-2].  Moreover, whether Getter directly communicated directly with Plaintiffs is immaterial to Plaintiffs' claims.  *See generally* Heskin Decl. Ex. 1 [the Amended Complaint].

4. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter received any share of the profits from any MCA made to Plaintiff." Getter SMF ¶ 4.  In addition to the reasons set forth in Paragraphs 1-3 above, Getter testified that Defendants share the profits of their MCA business among themselves, which was confirmed by Defendant Yitzchok Wolf ("Wolf").  Pls. SMF ¶ 102.

5. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter exercised any decision-making authority in connection with any MCA made to Plaintiff." Getter SMF ¶ 5.  In addition to the reasons set forth in Paragraphs 1-4 above, Getter's company Hartford

-3-

is the legal owner of Merchant, Funding 123 and GoFund, the entities that entered into six (6) MCA agreements with Haymount. Pls. SMF ¶ 72-73; Declaration of Robert Clinton, dated February 7, 2023 [DE 162] ("Clinton Decl.) Exs. 1-6 (MCA agreements between Haymount and Merchant, GoFund, and Funding 123).

6. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter played any role in restraining or garnishing any funds or assets owned by or owed to Plaintiffs." Getter SMF ¶ 6. In addition to the reasons set forth in Paragraphs 1-5 above, Defendant Alpha Recovery Partners LLC ("Alpha") sent dozens of UCC lien notices through interstate mails targeting Haymount's account debtors on behalf of GoFund, which Getter is the legal owner of through Hartford. Pls. SMF ¶ 72-73, 98; *see also* Heskin Decl. Ex. 10; [DE 28-3].

7. Plaintiffs deny Getter's claim that "[t]here is no evidence showing Getter directed the affairs of the RICO enterprise alleged in the Amended Complaint." Getter SMF ¶ 7. As set forth in Paragraphs 1-6 above, Getter is the legal owner of Defendants Funding 123, GoFund and Merchant, and attested to having knowledge and being involved in the Funding 123 – Haymount MCA deal.

8. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Plaintiffs suffered any injury to their property or business proximately caused by a violation of 18 U.S.C. § 1962 (c) committed by Getter." Getter SMF ¶ 8. In addition to the reasons set forth in Paragraphs 1-7 above, Getter attested to involvement with the Funding 123 MCA agreement with Haymount, and therein admitted that Funding 123 over-debited, based on Getter's calculations, $1,250 from Haymount's account. *See* [DE 64] ¶¶ 9-10. Discovery has since revealed this over-debit figure to be at least $101,250 because, contrary to Getter's sworn statement that the fees on this Funding 123 deal were $400,000, *Id.* ¶ 7, Defendants own documents and Wolf's testimony confirmed the

actual fees were $300,000, which consisted of profits and Defendants' legal fees in connection with this action. Pls. SMF ¶ 144, 171-173. Separately, as further evidence of this statement's falsehood, Getter's company, GoFund, used Alpha to issue UCC liens against Haymount. Pls. SMF ¶ 98. This caused significant damages to Haymount in the form of uncollected HRSA claims and legal fees incurred in successfully getting an injunction on GoFund—Getter's Company—compelling Alpha and GoFund to withdraw those UCC liens. Pls. SMF ¶¶ 256-265.

9. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter knew that any MCA agreement entered into by a member of the alleged RICO enterprise was an unlawful debt." Getter SMF ¶ 9. In addition to the reasons set forth in Paragraphs 1-8 above, Getter testified that he was involved with and had personal knowledge of the Funding 123 MCA deal with Haymount, whereby Haymount was funded $900,000 and expected to payback $2,700,000 through daily remittances of $80,000. *See generally* [DE 64]. On its face, therefore, Getter's company Funding 123 expected Haymount to pay back $1,800,000 in interest on a $900,000 advance over 34 business days ($2,700,000/$80,000), or, stated differently, 48 total days. This results in an actual interest rate of **1,521%**. Moreover, Plaintiffs have reviewed hundreds of MCA deals issued by Defendants GoFund, Funding 123 and Merchant—companies Getter is the legal owner of—and found that with virtually no exception, each MCA agreement yielded an actual interest rate of three or four figures, without even accounting for fees. *See* Heskin Decl. Exs. 50-51.

10. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter agreed with any other members of the alleged RICO enterprise to collect unlawful debts." Getter SMF ¶ 10. In addition to the reasons set forth in Paragraphs 1-9 above, discovery has demonstrated that Wolf, and Defendants Josef Brezel ("Brezel") and Joseph Kroen ("Kroen"), all issue loans and work on deals issued by GoFund, Funding 123, and Merchant, companies Getter owns. Pls.

-5-

SMF ¶ 21, 36, and 46.  Getter testified that the Enterprise relies on him to sign the affidavits of debt that accompany the writs of attachment the Enterprise uses to freeze merchants' bank accounts.  *Id*. ¶ 51.  Even after testifying he cut ties with Defendants in April 2022, Getter has continued to prepare writs of attachment for the Enterprise, including a writ of attachment against a merchant called LF Family on behalf of Wolf.  *Id*. ¶¶ 57-63.

11. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter believed that members of the alleged RICO enterprise were engaged in the collection of unlawful debt."  Getter SMF ¶ 11.  As set forth above in Paragraph 9, it is simply not credible for Getter to maintain he did not know he and the Enterprise was involved in the collection of unlawful debt when the MCA agreements issued by his companies GoFund, Funding 123 and Merchant all, without virtually any exceptions, have actual interest rates of three and often four figures readily calculable on the face of the MCA agreements.  Moreover, Getter testified that he uses fake names and phone numbers in dealing with merchants, indicating he understood the illegality of his attempt to collect debt from the merchants he entered into MCA deals with.  Pls. SMF ¶¶ 49-50.  Additionally, the Enterprise routinely acknowledges the criminality of their operations in internal communications.  *Id*. ¶ 144, 166.  Getter also acknowledges that he takes advice and directions form Jonathan Braun ("Braun") concerning his MCA business.  Heskin Decl. Ex. 25 [Getter Tr.] at 36:13-38:2, 111:11-113:23.  Braun is a convicted felon and is facing legal action by both the New York Attorney General and Federal Trade Commission relating to Braun's own usurious lending enterprise.  Pls. SMF ¶¶ 6-19.  In February 2022, Bloomberg News ran a story on Braun's involvement with Defendants' Enterprise and quoted Getter as falsely stating he had no idea who Braun was.  Heskin Decl. Ex. 4.

12. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter caused ACH transfers to be taken out of Plaintiffs' bank account through the use of false names." Getter SMF ¶ 12. As described in Paragraphs 1-11 above, Getter is the legal owner of Defendants Funding 123, Merchant, and GoFund, which are the entities that entered into MCA agreements with Haymount. None of these MCA Agreements provide for a monthly fee of $499 to be withdrawn from Haymount's bank account every month. *See* Clinton Decl. Exs. 1-6. Nevertheless, discovery has shown that Getter's co-conspirator Brezel created a sham company called "Monthly Fee" in February 2021, and Haymount's bank records reflect thirteen (13) separate withdrawals of $499 each month from "Monthly Fee." Pls. SMF ¶¶ 146-158. Five of the thirteen $499 Monthly Fee withdrawals came *after* this Court issued an injunction enjoining Getter's company GoFund from making any additional withdrawals from Haymount's bank accounts. *Id*. During the February 6, 2023 call to the Court to discuss this injunction violation, Defendants' counsel represented that these $499 "Monthly Fee" ACH withdrawals were made pursuant to the MCA agreements between Haymount and Defendants, i.e., Getter's companies GoFund and Funding 123. *See* Minute entry for the February 6, 2023 conference. Consequently, there is ample evidence that Getter was involved, consented to or had knowledge of Defendants making ACH transfers from Haymount's account under the sham name "Monthly Fee" since these fees were purportedly asserted on deals entered into between Getter's companies and Haymount.

13. Plaintiffs deny Getter's claim that "[t]here is no evidence showing that Getter agreed with any other member of the alleged RICO enterprise to cause ACH transfers to be taken out of Plaintiffs' bank account through the use of false names", Getter SMF ¶ 13, for the same reasons as set forth in Paragraph 12 above.

14. Plaintiffs deny Getter's claim that "Getter was not a party to any of the MCA Agreement [sic] entered into by Plaintiffs that are the subject of this Action." Getter SMF ¶ 14. As set forth in Paragraphs 1-13 above, Getter is the legal owner of Funding 123, Merchant, and GoFund, the MCA companies that entered into the MCA Agreements that are the subject of this Action. Moreover, Getter is a RICO culpable person within the meaning of 18 U.S.C. § 1961(3) and 18 U.S.C. § 1962(c) in that he owns property in GoFund, Merchant, and Funding 123. Heskin Decl. Ex. 1 [Amended Complaint] ¶ 235. Getter and the companies he owns, GoFund, Funding 123 and Merchant, comprise a distinct RICO Enterprise along with Alpha, Wolf, Brezel, and Kroen. *Id*. ¶ 236. As such, it is immaterial that Getter is not a direct party to the MCA Agreements subject to this Action with respect to Plaintiffs' RICO claims.

March 6, 2023

                                        Respectfully submitted,

                                        **WHITE AND WILLIAMS LLP**

By: /s/ Shane R. Heskin
                                        Shane R. Heskin
                                        Alex D. Corey
                                        7 Times Square, STE 29
                                        New York, NY 10036
                                        (215) 864-7000
                                        heskins@whiteandwilliams.com
                                        *Attorneys for Plaintiffs*