UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ HAYMOUNT URGENT CARE PC et      │
│ ano,                            │
│                                 │
│           Plaintiffs,           │
│                                 │
│      -v-                        │
│                                 │
│ GOFUND ADVANCE, LLC et al.,     │
│                                 │
│           Defendants.           │
└─────────────────────────────────┘
```

22-cv-1245 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On June 26, 2024, the Court issued Findings of Fact, Conclusions of Law, and Final Judgment ("Findings of Fact") in the above-captioned matter, several months after a five-day bench trial. See ECF No. 258. Full familiarity with that decision is here assumed. The Court awarded, as one part of the judgment, $170,000 against defendant Funding 123, with defendant Yitzchok Wolf being jointly and severally liable for the same amount.

Defendants now ask the Court to reconsider, under Rule 60 of the Federal Rules of Civil Procedure, the part of its Findings of Fact that justified the award. They argue that the Court made an "error" that "resulted in the Court miscalculating the overpayment" of $170,000 on MCA Agreement 5. Def. Mem. Supp. Mot. for Recons. at 1. The Findings of Fact describe MCA Agreement 5 in detail, but for purposes of resolving this motion, it is sufficient to summarize the basic structure of the Agreement. Under MCA

1

Agreement 5, "Funding 123 purchased 45% of Haymount's future receivables for a Purchase Price of $2,000,000 and a Purchased Amount of $2,700,000." Joint Pretrial Consent Order at 6. The deal was flexed into two tranches after negotiations between defendants and Dr. Robert A. Clinton, Haymount's owner. On December 27, 2021, Dr. Clinton accepted the first tranche of $900,000 on behalf of Haymount, which was an amount reflecting that $100,000 in upfront fees had been charged. Haymount never received the second tranche, but ultimately repaid a total of $1,520,000.

When determining whether Haymount had overpaid under MCA Agreement 5, the Court observed that under the original deal, "defendants were supposed to pay Haymount $2 million (net of fees) and Haymount was supposed to repay $2,700,000." Findings of Fact ¶ 46 n.20. But rather than receive the full amount under the original deal, Haymount was advanced only half of the purchase price net of fees ($900,000). Accordingly, the Court found that "plaintiff's repayment obligation should also be cut in half, to total $1,350,000." Id. Because Haymount repaid $1,520,000, the Court calculated that Haymount had overpaid by $170,000. Id.

The argument raised by defendants in the instant motion does not challenge the Court's methodology itself but suggests that the Court "made an error in applying the methodology." Def. Mem. Supp. Mot. for Recons. at 2. Specifically, defendants argue that the amount net of fees that the parties agreed Haymount would receive

2

under MCA Agreement 5 was $1,600,000 ($2 million minus 20% in fees). Because the first tranche advanced to Haymount totaled $900,000, defendants contend that Haymount actually received 56.25% -- and not half -- of the total amount owed to Haymount under MCA Agreement 5. Rather than cut in half the repayment obligation, the Court, according to defendants, should have cut Haymount's repayment obligation by 56.25%, to total $1,518,750. The amount of overcollection under this approach would be only $1,250.

After reviewing the parties' written submissions -- informed by having observed the testimonial and documentary evidence introduced at trial -- the Court denies defendants' motion. Rule 60 of the Federal Rules of Civil Procedure permits a party to seek relief "from a final judgment" for -- among other reasons -- "mistake, inadvertence, surprise, or excusable neglect," and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(1), (2).[1] "The standard for

---

[1] Although defendants explicitly move for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, the Second Circuit has, at times, treated a motion for reconsideration as if it was filed under Rule 59(e) if filed within that provision's time limit. See Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 136-37 (2d Cir. 2000) (collecting cases). There is, however, "a considerable overlap between Rule 59(e) and Rule 60." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2817 (3d ed. 2024). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling

3

granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. Of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

The instant motion does not clear the high bar set by Rule 60. Defendants' label for the grounds of their motion -- "correct[ing] a clear error" -- does not reflect the true substance of their dispute with the Court's Findings of Fact. Indeed, the supposed miscalculation identified by defendants is premised on a fact that was neither stipulated to by the parties nor proved at trial, namely that the parties had agreed that the total amount that Haymount would receive under MCA Agreement 5 was $1,600,000 net of fees. Moreover, this argument repackages an argument about Haymount's amount of overpayment that defendants already made in post-trial briefing. See Def. Proposed Findings of Fact ¶ 58 (submitting that under MCA Transaction 5 "the entire overpayment

---

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020) (alteration, citation, and internal quotation marks omitted). Whether evaluated under Rule 59(e) or Rule 60(b), defendants' motion relies on the argument that the Court erred when calculating the amount of overpayment under MCA Agreement 5. That argument -- however assessed -- fails for the reasons explained infra.

totalls [sic] $1,250"). The Court already "reject[ed] the calculations set forth in defendants' proposed findings of fact because there is no evidence to show how or why defendants recalculated plaintiff's repayment obligation to be $1,518,750." Findings of Fact ¶ 46 n.20. Although defendants now try to explain their rationale for the $1,250 proposed overpayment, a motion for reconsideration is "not a vehicle for relitigating old issues … or otherwise taking a second bite at the apple." Gustavia Home, LLC v. Rice, 724 F. App'x 87, 88-89 (2d Cir. 2018) (quoting Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (discussing Rule 59(e) motion)); see also Moreno-Cuevas v. Huntington Learning Ctr., 501 F. App'x 64, 66 (2d Cir. 2012) ("[B]oth a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided.").

In addition to the fact that defendants' motion does not meet the "strict" standard under Rule 60, the argument contained therein does not invalidate the Court's calculation of the amount of overpayment under MCA Transaction 5 or undermine the factual findings relied upon in completing that calculation. Defendants' argument would require the Court to conclude that the parties reached a contractually binding agreement to a 20% fee arrangement that would total $400,000 across both tranches. But the testimony of defendant Joseph Kroen -- cited in the Findings of Fact --

5

directly contradicts this account, stating that Dr. Clinton "didn't agree" to the proposed deal. See Trial Tr. at 36:3-8 ("Yes. I called him. … Told him that he is able to get, the total fees of the contract were to be 20 percent. I think it was 400K. So he would get 800K that day and the 800,000 after clearing ten payments. He didn't agree to it."). Instead, the record reflects that the parties did agree that the first tranche would total $900,000. At most, this could suggest that the parties had not yet settled the amount of fees that would apply for the second tranche. Defendants have cited no evidence to the contrary.

By contrast, the Court's approach in the Findings of Fact relies on evidence uncontroverted by the parties. The parties agreed that MCA Agreement 5 offered Haymount $2,000,000 in exchange for its repayment of $2,700,000, and that Dr. Clinton accepted $900,000 on behalf of Haymount for the first tranche. Although, as just explained, trial evidence did not demonstrate that the parties had set the amount of fees that would be charged on the second tranche, the record supports that they understood that the total amount -- exclusive of fees -- to be transferred for each tranche under MCA Agreement 5 was $1,000,000. Based on this observation, the Court could cut in half the repayment obligation since half the total amount under MCA Agreement 5 had been advanced to Haymount. The resulting finding of overpayment, $170,000, is an

6

amount amply supported by trial evidence cited in the Findings of Fact. See Findings of Fact ¶ 46.

For the foregoing reasons, defendants' motion for reconsideration is hereby denied. The Clerk of Court is respectfully directed to close document 260 on the docket of the instant case.

SO ORDERED.

Dated:   New York, NY
         July 23, 2024                    _____
                                          JED S. RAKOFF, U.S.D.J.